Frank M. SEYMOUR v. Ferral C. DININNY. (Supreme Court, Appellate Division, First Department. January 14, 1916.) Motion granted, unless appellant complies with terms stated in order. Order filed.

Harland A. SHAVER, respt., v. Joshua M. KELLY, applt. (Supreme Court, Appellate Division, Third Department. January 5, 1916.) Judgment and order unanimously affirmed, with costs.

SHALEK v. JETTER. (Supreme Court, Appellate Division, First Department. December 10, 1915.) Action by Frederick J. Shalek against J. Edward Jetter. No opinion. Motion denied, with $10 costs. Order filed. See, also, 155 N. Y. Supp. 975.

SHAPIRO v. ROSENTHAL. (No. 8126.) (Supreme Court, Appellate Division, First Department. December 24, 1915.) Appeal from Trial Term, New York County. Action by Joseph Shapiro against Benjamin Rosenthal. From a judgment dismissing the complaint at the close of plaintiff's case on a trial, plaintiff appeals. Reversed, and new trial ordered.

PER CURIAM. We think upon this evidence the court was required to submit the question as to the defendant's liability to the jury. The judgment is therefore reversed and a new trial ordered, with costs to appellant to abide the event. Order filed.

Ingraham, P. J., and Dowling, J., dissenting and voting to affirm.

Joseph SHEAVE v. LEHIGH VALLEY COAL CO. (Supreme Court, Appellate Division, First Department. January 14, 1916.) Motion denied, with $10 costs. Order filed.

Joseph SHENK, Applt., v. Michael GRAZIANO, impld., Respt. (Supreme Court, Appellate Division, First Department. December 24, 1915.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

In the matter of the claim of William SHERIDAN for compensation under the Workmen's Compensation Law, respondent, v. P. J. GROLL CONSTRUCTION COMPANY, employer, and Employers' Liability Assurance Corporation, Ltd., insurance carrier, appellants. (Supreme Court, Appellate Division, Third Department. January 18, 1916.) Motion granted.

SILVERMAN et al. v. BALE-SNEDEKER CO. (Supreme Court, Appellate Division, First Department. December 10, 1915.) Action by Abraham I. Silverman and others against the Bale-Snedeker Company. No opinion. Application denied, with $10 costs. Order signed.

In re Simon NAGER, JR., Inc. (Supreme Court, Appellate Division, Second Department. December 10, 1915.) In the matter of the voluntary dissolution of Simon Nager, Jr., Incorporated, etc. Susquehanna Coal Company, appellant. No opinion. Judgment and order affirmed, with costs. Jenks, P. J., not voting.

Winan H. SMITH, as surviving partner, etc., applt., v. Edward A. EAMES, as surviving executor, etc., respt. (Supreme Court, Appellate Division, Fourth Department. January 12, 1916.) Order affirmed with costs. All concur.

Reuben L. SMITH, as administrator, etc., of Betsey A. Phillips, deceased, applt., v. William LAUGHLIN and Ida Laughlin, respts. (Supreme Court, Appellate Division, Third Department. January 5, 1916.) Judgment unanimously affirmed, with costs.

Irene SMITH, an infant, etc., plff., v. ROCHESTER ICE CREAM CO., deft. (Supreme Court, Appellate Division, Fourth Department. January 22, 1916.) Plaintiff's exceptions overruled, motion for new trial denied, with costs, and judgment directed for the defendant upon the nonsuit, with costs. All concur.

Alice F. SMITH, as administratrix of the goods, chattels and credits of William L. Smith, deceased, claimant-appellant, v. STATE of New York. (Supreme Court, Appellate Division, Third Department. January 18, 1916.) Motion denied.

SMITH v. VILLAGE OF LARCHMONT. (Supreme Court, Appellate Division, Second Department. December 10, 1915.) Appeal from Westchester County Court. Action by Mabel Wood Smith against the Village of Larchmont. Judgment for plaintiff, and defendant appeals. Affirmed. See, also, 153 N. Y. Supp. 1145.

PER CURIAM. Judgment and order of the County Court of Westchester County affirmed, with costs.

PUTNAM, J. (dissenting). Under Railroad Law (Consol. Laws, c. 49) § 178, the street railroad company was to keep in permanent repair the portion of the street two feet in width outside the trolley tracks. While the municipality is liable for defects within these lines, it is secondarily answerable, and hence may hold the railroad company for repayment of damages incurred through the company's neglect of its duty. City of Brooklyn v. Brooklyn City R. R. Co., 57 Barb. 497, 47 N. Y. 475, 7 Am. Rep. 469. Plaintiff on cross-examination admitted she had "settled" with the railroad company for $50, but had reserved her right to sue the village. While the writings are not before us, the reference plainly is to the statutory discharge of one tort-feasor, reserving the cause of action as to the others. Debtor and Creditor Law, § 230; Consol. Laws, ch. 12. The reservation of the right to sue the village, I think, imports a written instrument. Walsh v. N. Y. C. & H. R. R. R. Co., 204 N. Y. 58, 97 N. E. 408, 37 L. R. A. (N. S.) 1137, does not govern the disposition of this appeal, in my view. In the Walsh Case, defendant sought to raise the inference that by the word "settled" plaintiff had released and extinguished the entire cause of action. An artificial rule was invoked, without the premise to sustain it. But here we are taking plaintiff's own words in their natural and common meaning. She took $50 from the railroad, and let it out, and kept her cause of